955 F.2d 47
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
BIOPHOTONIC TECHNOLOGIES, INC., Plaintiff,
Venture Advisors, Inc., Plaintiff/Appellee
v.
Morton DAVIS Defendant,
Oryx Capital Corporation, Defendant/Appellant.
 No. 91-15103.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 13, 1992.*
Decided Feb. 20, 1992.
 
 Before GOODWIN, FARRIS and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Oryx Capital Corporation appeals the district court's grant of summary judgment in favor of Venture Advisors. Oryx contends that the district court erred: 1) by permitting Schiffer to represent the Venture shareholders in a derivative claim; and 2) in determining and calculating damages. We affirm.
 
 
 3
 Oryx asserts that Venture Advisors is an inadequate representative because Schiffer brought this action for personal vindictiveness and leverage in his "larger war" against Sherwood and Oryx. These claims lack merit.
 
 
 4
 Fed.R.Civ.P. 23.1 provides that a shareholder's "derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association." We review the district court's determination as to adequacy of representation for abuse of discretion. Larson v. Dumke, 900 F.2d 1363, 1364 (9th Cir.), cert. denied, 111 S.Ct. 580 (1990).
 
 
 5
 In Larson, we established several criteria to determine the adequacy of plaintiff's representation. Id. at 1367. Adequacy is a factual inquiry. "[W]e emphasize that cases determining when a derivative plaintiff is an adequate representative are fact specific ..." Id. at 1369.
 
 
 6
 Sherwood and Schiffer are adversaries. It is understandable that one lacks the support of the other, but Schiffer's action is not economically antagonistic to other shareholders. The award benefits Venture Advisors and its shareholders. Schiffer was an adequate representative.
 
 
 7
 Oryx next contends that the district court erroneously granted summary judgment to Venture Advisors. Summary judgment is appropriate if, viewing the evidence in the light most favorable to the party opposing the motion, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Swayze v. United States, 785 F.2d 715, 717 (9th Cir.1986). Oryx asserts that Venture Advisors is not entitled to compensation because it failed to perform services after 1987. We understand the argument, but Oryx has failed to consider applicable law.
 
 
 8
 Venture Advisors brought a breach of contract claim against Oryx. Under California law, the measure of damages "is the amount which will compensate the party aggrieved" by the wrongdoer's misconduct. Cal.Civ.Code § 3300 (West 1970). "The traditional goal in awarding damages for breach of contract is to award a sum that will put the nonbreaching party in as good a position as he would have been had the contract been performed ..." Fisher v. Hampton, 44 Cal.App.3d 741, 752, 118 Cal.Rptr. 811, 817 (Cal.Ct.App.1975).
 
 
 9
 Oryx breached the partnership agreement by appropriating the management fees. The district court's award was not for unperformed future services, but for the damage caused by the breach of the partnership agreement. The contractual clauses governing compensation do not control. Because Oryx failed to raise a genuine issue of material fact, summary judgment was proper.
 
 
 10
 Finally, Oryx argues that some of Venture Advisors' payments to Oryx constituted reimbursement for incurred expenses, and should not have been considered in the damages calculations. We review the district court's computation of damages for clear error. Galindo v. Stoody Co., 793 F.2d 1502, 1517 (9th Cir.1986).
 
 
 11
 It is undisputed that the total management fees paid by Venture Partners in 1988 and the first nine months of 1989 were correctly stated in the 10-Q form filed with the Securities and Exchange Commission. Oryx received $206,279 for 1988 and 102,421.06 for the first nine months of 1989. Since Venture Advisors is entitled to 71 percent of all management fees,[1] the district court properly computed the award. The undisputed affidavit of a certified public accountant who reviewed Venture Partner's records verifies this amount. The district court did not err.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The district court calculated this number by dividing Venture Advisors' 2.5 percent fee by the total management fee of 3.5 percent